William S. Hoang (State Bar No. 269791)
whoang@travelers.com
USERY & ASSOCIATES
**Mailing Address: P.O. Box 2996**
**Hartford, CT 06104-2996**
Physical Address: 3333 Michelson Dr., Suite 100
Irvine, CA 92612
Tel: (917) 778-6680
Fax: (844) 571-3789

Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAFETY NATIONAL CASUALTY CORPORATION,<br><br>Defendant. | Case No.:<br><br>**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, EQUITABLE SUBROGATION, AND EQUITABLE CONTRIBUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA alleges and avers as follows:

## THE PARTIES

1. Plaintiff Travelers Property Casualty Company of America ("Travelers") is, and at all relevant times was, an insurance company organized under the laws of the State of Connecticut having its principal place of business in

1

Connecticut.

2. Travelers is informed and believes that defendant Safety National Casualty Corporation ("Safety") is, and at all relevant times was, an insurance company organized under the laws of the State of Missouri, having its principal place of business in the State of Missouri and is authorized to conduct business in the State of California.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Eastern District of California.

## BACKGROUND FACTS

### The Travelers Policy

5. Travelers issued policy number to Y-630-469P189A-TIL-17 to Argonaut Investments, LLC ("Argonaut"), with effective dates of May 7, 2017 to May 7, 2018 (the "Travelers Policy"). SVP is also named as an insured under the Travelers Policy. The Travelers Policy provides that it is excess over any other insurance that is available to the insured when the insured is added as an additional insured on another policy.

### The Underlying Action

6. On May 4, 2020, Steven Austin ("Austin") filed an action entitled *Steven Austin v. SVP Partners, LLC dba Sierra View Plaza, et al.*, in Fresno County Superior Court, Case No. 20CECG01264 (the "Underlying Action"), alleging causes of action for negligence and premises liability against SVP and others. A true and correct copy of the complaint is attached as Exhibit 1.

7. In the Underlying Action, Austin alleges that on April 19, 2018, he was an employee of an O'Reilly's Auto Parts store located at 6405 N. Blackstone Avenue, Fresno, California (the "Property"). He further alleges that on April 19, 2018, he asked two suspicious subjects to leave the store. He alleges that after he asked the subjects to leave the store, one subject revealed a handgun inside his shirt, grabbed merchandise from the shelf, and wrestled him. Austin alleges that he was shot by one of the suspects during the altercation.

8. Travelers is informed and believes that SVP (defined within the lease as "Landlord") entered into a lease agreement with O'Reilly Auto Enterprises, LLC (defined within the lease as "Tenant") with respect to a store located at the Property. At the time of the alleged incident, and at all relevant times, the lease was in effect. The lease states, in pertinent part:

> NINETEENTH:   INDEMNITY – LIABILITY INSURANCE
>
> … Tenant agrees to carry in responsible companies public liability insurance with limits of at least $1,000,000 for injury to one person, $5,000,000 for injury to persons in one accident …, or a combined single limit of liability of $5,000,000 subject to such self-risk retention limits as Tenant may deem appropriate, and to have Landlord named therein as an additional insured.

**The Safety Policy**

9. Travelers is informed and believes that Safety issued policy number GL 4043743 to O'Reilly Automotive Stores, Inc. effective March 1, 2018 to March 1, 2019, which provides commercial general liability coverage (the "Safety Policy").

10. Travelers is informed and believes that the Safety Policy contains an endorsement entitled "Additional Insured – Managers or Lessors of Premises", which provides in pertinent part:

> **Designation of Premises (Part Leased To You):**
> All locations owned by, leased to or occupied by the insured.
>
> **Name Of Person(s) Or Organization(s) (Additional Insured):**

> As required by written contract or agreement when such written contract or agreement is executed prior to an occurrence, offense or loss to which this endorsement applies, but only for the limits agreed to in such contract or the Limits of Liability provided by this policy, whichever is less.  Any individually scheduled additional insureds shall not be construed to override nor negate this blanket additional insured.
>
> * * *
>
> **A.**   **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule …:
>
> * * *
>
> However:
> **1.**   The insurance afforded to such additional insured only applies to the extent permitted by law; and
> **2.**   If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

### Travelers' Tender and Defense of the Underlying Action

11. Travelers tendered the defense of SVP as an additional insured on the Safety Policy by email dated May 22, 2020, as it was claimed in the Underlying Action that Austin was injured in an altercation at the Property.  Attached hereto as Exhibit 2, and incorporated herein by reference, is a copy of the May 22, 2020 tender.

12. Safety responded to the May 22, 2020 tender on June 5, 2020, denying the tender.  Attached hereto as Exhibit 3, and incorporated herein by reference, is a copy of Safety's denial letter.

13. After several follow-up attempts by Travelers to urge Safety to reconsider its denial, on April 18, 2022, Safety sent a letter confirming that "[SVP] would be an additional insured under [Safety's] policy."

14. On May 5, 2022, Safety sent another letter stating that "[Safety] agrees it has an obligation to defend [SVP] as an additional insured under our policy." Attached hereto as Exhibit 4, and incorporated herein by reference, is a copy of Safety's May 5, 2022 letter.

15. Despite Safety's agreement that SVP is an additional insured under its policy and that Safety has an obligation to defend SVP, Safety has failed to provide a defense to SVP in the Underlying Action.

16. As a result of Safety's failure to defend SVP, Travelers has been forced to retain defense counsel to defend SVP in the Underlying Action, pursuant to the Travelers Policy. Travelers has incurred attorneys' fees in defending SVP in the Underlying Action, and will continue to incur additional attorneys' fees.

## **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

17. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. An actual and justiciable controversy has arisen between Travelers and Safety in that Travelers contends, and Safety disputes, that Safety is obligated to defend and indemnify SVP as an additional insured under the Safety Policy on a primary and non-contributory basis to the Travelers Policy in the Underlying Action.

19. Travelers seeks a judicial determination that Safety is obligated to defend and indemnify SVP in the Underlying Action as an additional insured under the Safety Policy on a primary and non-contributory basis.

20. Travelers requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring rights and obligations of the parties with regard to their respective insurance policies.

21. Travelers further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

**SECOND CAUSE OF ACTION FOR EQUITABLE INDEMNITY**

22. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Travelers contends that Safety was and is obligated to defend and indemnify SVP against the Underlying Action. Moreover, Safety's obligation to defend and indemnify SVP is primary to Travelers' obligation.

24. Despite multiple tenders, Safety has refused to indemnify SVP.

25. Travelers is entitled to reimbursement and indemnification of defense fees and costs incurred in the Underlying Action because Safety's obligation to SVP is primary to Travelers' obligation.

**THIRD CAUSE OF ACTION FOR EQUITABLE SUBROGATION**

26. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. Travelers contends that Safety was and is obligated to defend and potentially indemnify SVP against the Underlying Action. Travelers further contends Safety's obligation is on a primary and non-contributory basis to the Travelers Policy and, as such, Travelers has no duty to defend or indemnify until the limits of the Safety Policy are exhausted. Moreover, Safety's obligation to defend and indemnify SVP is primary to Travelers' obligation pursuant to the respective policies' express terms.

28. Despite multiple tenders, Safety has refused to defend SVP.

29. Due to Safety's refusal to defend SVP, Travelers has had to incur defense fees and costs, which should have been paid by Safety.

30. Travelers is entitled to reimbursement of all defense costs incurred in connection with defending SVP in the Underlying Action.

### FOURTH CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

31. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Travelers pleads this cause of action as an alternative to the equitable indemnity and equitable subrogation causes of action.

33. Pursuant to the Travelers Policy, Travelers has defended, and continues to defend, SVP against the Underlying Action. Pursuant to the Safety Policy, Safety owes defense and potential indemnity to SVP as an additional insured in the Underlying Action.

34. Safety has failed to defend SVP in the Underlying Action.

35. Safety has not contributed to or reimbursed Travelers for the defense fees and costs that Travelers has incurred. Travelers is therefore entitled to contribution and reimbursement from Safety in an amount to be proven at trial.

### PRAYER

WHEREFORE, Travelers prays for judgment as follows:

1. For a judicial determination that Safety is obligated to defend and indemnify SVP in the Underlying Action on a primary and non-contributory basis;

2. For equitable indemnity against Safety for the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

3. For equitable subrogation against Safety for the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

4. In the alternative, for equitable contribution and apportionment of the defense fees and costs incurred by Travelers, plus interest;

5. For costs of suit incurred herein; and

///

6.   For such other and further relief as the Court may deem just and proper.

Dated:  September 22, 2022        USERY & ASSOCIATES

By */s/ William S. Hoang*
William S. Hoang
Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## DEMAND FOR JURY TRIAL

Travelers hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure

Dated:  September 22, 2022         USERY & ASSOCIATES

By */s/ William S. Hoang*
    William S. Hoang
    Attorneys for Plaintiff
    TRAVELERS PROPERTY CASUALTY
    COMPANY OF AMERICA